SEALED



FILED
APR 21 2021
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § PATRICIA ANN DOUCET, § § Defendant. § § § § § § § § § § | CRIMINAL NO. SA21CR0167DAE<br>**INDICTMENT**<br><br>**Cts. 1-10**: 18 U.S.C. § 1343<br>Wire Fraud<br><br>**Ct. 11**: 18 U.S.C. § 1344(2)<br>Bank Fraud<br><br>**Ct. 12**: 18 U.S.C. § 1029(a)(2)<br>Access Device Fraud<br><br>**Cts. 13-14**: 18 U.S.C. § 1028A(a)(1)<br>Aggravated Identity Theft |

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this indictment:

1. Defendant PATRICIA ANN DOUCET was employed by Dermatology & Laser Center of San Antonio, a medical practice located in San Antonio, Texas. The Defendant was hired by S.D., the owner and operator of the medical practice, in January 2004 to work as a secretary and was eventually promoted to office manager. The Defendant remained employed by S.D. until March 2020.

2. In her role as office manager, Defendant PATRICIA ANN DOUCET was responsible for, among other responsibilities, opening mail delivered to the practice, supervising employees of

the practice, submitting payroll information to S.D., and helping reconcile the practice's credit card statements and financial records.

3. In the course of her duties as office manager, Defendant PATRICIA ANN DOUCET had access to S.D.'s personal identifying information, including their date of birth, social security number, mother's maiden name, in order to deal with financial institutions with whom the practice did business.

4. In 2012, S.D. opened a bank account (the "Symposium Account") with Frost Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation and whose activities affected interstate commerce.

5. The purpose of the Symposium Account was to facilitate donations for a non-profit medical event (the "Symposium") hosted by S.D. in May 2012 in San Antonio, Texas. As part of her function as office manager, and in the preparation for the Symposium, Defendant PATRICIA ANN DOUCET had access to the Symposium Account to perform financial functions at S.D.'s direction. After the Symposium concluded, the Symposium Account was to be closed.

6. On or about July 7, 2012, Defendant PATRICIA ANN DOUCET opened a credit card account with JP Morgan Chase, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation and whose activities affected interstate commerce. The credit card was opened as a business credit card account associated with the business StemBioSys, Inc., a business founded by S.D. and located in San Antonio, Texas (the "StemBioSys Credit Card").

7. The StemBioSys Credit Card was opened using StemBioSys, Inc.'s tax identification number, and S.D.'s personal identifying information, including their date of birth, social security number, and mother's maiden name. The StemBioSys Credit Card bore S.D. and StemBioSys, Inc.'s names on the credit card, but was in fact opened by Defendant PATRICIA ANN DOUCET

without S.D.'s knowledge or consent. The StemBioSys Credit Card provided the Defendant's email address as the one associated with the account, and to which statements were delivered. The StemBioSys Credit Card was exclusively possessed and utilized by the Defendant.

8. From on or about September 19, 2014 to on or about September 30, 2014, Defendant PATRICIA ANN DOUCET opened two credit card accounts with Henry Schein Financial Services (the "Henry Schein Credit Cards"), a division of First National Bank of Omaha, which is a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation and whose activities affected interstate commerce. Both Henry Schein Credit Cards, ending in 2896 and 1115, were opened using S.D.'s personal identifying information, and without their knowledge or consent.

9. Both Henry Schein Credit Cards had S.D.'s name on the credit cards, and the account ending in 1115 also had Defendant PATRICIA ANN DOUCET's name on the credit card. The Henry Schein Credit Cards provided the Defendant's email address as the one associated with both accounts, and to which statements were delivered. Both credit cards were exclusively possessed and utilized by the Defendant.

10. Defendant PATRICIA ANN DOUCET then utilized the Symposium Account to pay the credit card bills for the StemBioSys Credit Card and the Henry Schein Credit Cards, beginning on or about October 2012, and continuing until on or about February 2020.

### COUNTS ONE-FOUR
[Wire Fraud - 18 U.S.C. § 1343]

11. The Grand Jury incorporates by reference paragraphs 1 through 10 set out above as though fully restated and re-alleged herein.

12. Beginning or about July 7, 2012 and continuing through on or about February 28, 2020, in the Western District of Texas and elsewhere, the Defendant,

**PATRICIA ANN DOUCET**

for the purpose of executing a scheme and artifice to defraud S.D., StemBioSys, Inc., and Dermatology & Laser Center of San Antonio and obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, intentionally and knowingly transmitted and caused to be transmitted via email and internet a credit card application and subsequent payments to the StemBioSys Credit Card from Texas to other states, including but not limited to Delaware, which process caused writings, signs and signals to be transmitted in interstate commerce, as set forth below:

| Count | Date | Amount | Item |
|---|---|---|---|
| 1 | November 11, 2018 | $757.36 | American Airlines flight to Shreveport, Louisiana |
| 2 | November 21, 2018 | $700.00 | Amazon.com purchases |
| 3 | January 29, 2019 | $2,156.99 | Western Union money transfer |
| 4 | May 5, 2019 | $1,131.01 | Rent payment |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS FIVE-SEVEN
[Wire Fraud - 18 U.S.C. § 1343]

13. The Grand Jury incorporates by reference paragraphs 1 through 12 set out above as though fully restated and re-alleged herein.

14. Beginning or about September 19, 2014 and continuing through on or about February 28, 2020, in the Western District of Texas and elsewhere, the Defendant,

**PATRICIA ANN DOUCET**

for the purpose of executing a scheme and artifice to defraud S.D. and Dermatology & Laser Center

4

of San Antonio and obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, intentionally and knowingly transmitted and caused to be transmitted via email and internet two credit card applications and subsequent payments to the Henry Schein Credit Card account ending in 2896 from Texas to other states, including but not limited to Nebraska, which process caused writings, signs and signals to be transmitted in interstate commerce, as set forth below:

| Count | Date | Amount | Item |
|---|---|---|---|
| 5 | October 3, 2016 | $945.69 | Rent payment |
| 6 | August 12, 2017 | $579.78 | Steinmart purchase |
| 7 | June 19, 2018 | $868.35 | American Airlines flight |

All in violation of Title 18, United States Code, Section 1343.

## COUNTS EIGHT-TEN
[Wire Fraud - 18 U.S.C. § 1343]

15. The Grand Jury incorporates by reference paragraphs 1 through 14 set out above as though fully restated and re-alleged herein.

16. Beginning or about September 30, 2014 and continuing through on or about February 28, 2020, in the Western District of Texas and elsewhere, the Defendant,

**PATRICIA ANN DOUCET**

for the purpose of executing a scheme and artifice to defraud S.D. and Dermatology & Laser Center of San Antonio and obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, intentionally and knowingly transmitted and caused to be transmitted via email and internet two credit card applications and subsequent payments to the

Henry Schein Credit Card account ending in 1115 from Texas to other states, including but not limited to Nebraska, which process caused writings, signs and signals to be transmitted in interstate commerce, as set forth below:

| Count | Date | Amount | Item |
| --- | --- | --- | --- |
| 8 | November 25, 2016 | $717.99 | Purchases at Target store in Balcones Heights, Texas |
| 9 | August 12, 2017 | $579.78 | Steinmart purchases |
| 10 | July 2, 2019 | $1,012.08 | Rent payment |

All in violation of Title 18, United States Code, Section 1343.

## COUNT ELEVEN
[Bank Fraud - 18 U.S.C. § 1344(2)]

17. The Grand Jury incorporates by reference paragraphs 1 through 16 set out above as though fully restated and re-alleged herein.

18. Beginning on or about July 16, 2012, and continuing through on or about February 26, 2020, in the Western District of Texas, Defendant PATRICIA ANN DOUCET knowingly executed and attempted to executed a scheme to obtain monies, funds, credits, assets, securities or other property owned by, or under the custody and control of a financial institution insured by the Federal Deposit Insurance Corporation, by means of material false or fraudulent pretenses, representations, or promises.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

19. Defendant PATRICIA ANN DOUCET kept the Symposium Account open and active after the conclusion of the Symposium without S.D.'s knowledge or consent.

20. Defendant PATRICIA ANN DOUCET misappropriated checks and cash payments made out to the medical practice and/or S.D. and deposited them into the Symposium Account, rather than practice's business account with Frost Bank (the "Business Account"), as S.D. intended for the checks to be properly deposited.

21. The Dermatology & Laser Center of San Antonio utilized a Morgan Stanley profit sharing account (the "Profit Sharing Account"), whereupon an employee left the practice, Morgan Stanley would send the practice a check to pay the federal taxes associated with the corresponding withdrawal. Upon receipt of the check, the practice would then send the payment to the Internal Revenue Service to cover that employee's tax liability.

22. In the course of her responsibilities as office manager, Defendant PATRICIA ANN DOUCET opened and reviewed mail received by the practice. In so doing, she procured numerous checks intended to cover employee tax liability for their share of the Profit Sharing Account and did not direct them to the Internal Revenue Service, as intended by S.D. and the Dermatology & Laser Center of San Antonio.

## EXECUTION OF THE SCHEME TO DEFRAUD

23. To accomplish this scheme to defraud, Defendant PATRICIA ANN DOUCET systematically forged S.D.'s signature on numerous checks made out to the practice and/or received from the Profit Sharing Account and deposited them into the Symposium Account.

24. The Defendant PATRICIA ANN DOUCET executed this scheme by either signing

S.D's name, forging S.D.'s handwritten endorsement, and/or altering a stamp S.D. had made for deposits into the Business Account, by crossing out the account number for the Business Account and writing in the number for the Symposium Account in its place on a given check.

25. In total, Defendant PATRICIA ANN DOUCET made approximately 300 fraudulent deposits of monies intended for the Business Account into the Symposium Account from July 2012 to February 2020.

26. Defendant then utilized the Symposium Account to withdraw monies to fund personal expenses and credit card bills.

27. In executing her scheme as set forth in this Indictment, Defendant PATRICIA ANN DOUCET was able to obtain approximately $297.758.44 from monies owned by or under the custody and control of Frost Bank by means of fraudulent pretenses, representations, or promises to use for payments to the StemBioSys Credit Card and the Henry Schein Credit Cards.

All in violation of Title 18, United States Code, Section 1344(2).

### COUNT TWELVE
[Access Device Fraud - 18 U.S.C. § 1029(a)(2)]

28. The Grand Jury incorporates by reference paragraphs 1 through 27 set out above as though fully restated and re-alleged herein.

29. On or about June 17, 2019 through on or about February 28, 2020, within the Western District of Texas, the Defendant,

**PATRICIA ANN DOUCET,**

did knowingly and with intent to defraud, use an unauthorized access device particularly, to wit: an American Express business credit card in the name of the Dermatology & Laser Center of San

Antonio and S.D., with an account number ending in 82006, and by such conduct affecting interstate commerce, obtain anything of value aggregating $1,000.00 or more.

All in violation of Title 18, United States Code, Section 1029(a)(2).

## COUNT THIRTEEN
[Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1)]

30. The Grand Jury incorporates by reference paragraphs 1 through 29 set out above as though fully restated and re-alleged herein.

31. On or about February 26, 2020, in the Western District of Texas, the Defendant,

**PATRICIA ANN DOUCET,**

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit: the fraudulently altered signature stamp of S.D. endorsed on a check, numbered 1628, made out to S.D. by S.A.H., during and in relation to a felony violation enumerated under 18 U.S.C. § 1028A(c)(5), to wit, a violation of 18 U.S.C. § 1344, Bank Fraud, as charged in Count Eleven of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOURTEEN
[Aggravated Identity Theft - 18 U.S.C. § 1028A(a)(1)]

32. The Grand Jury incorporates by reference paragraphs 1 through 31 set out above as though fully restated and re-alleged herein.

33. On or about August 9, 2019, in the Western District of Texas, the Defendant,

**PATRICIA ANN DOUCET,**

did knowingly possess and use, without lawful authority, a means of identification of another person, to wit: the fraudulently altered signature stamp of S.D. endorsed on a check, numbered 5948, made out to S.D. by J.A.N., during and in relation to a felony violation enumerated under 18 U.S.C. § 1028A(c)(5), to wit, a violation of 18 U.S.C. § 1344, Bank Fraud, as charged in Count Eleven of this Indictment, knowing that the means of identification belonged to another actual person.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* **Fed.R.Crim.P. 32.2**]

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraphs IV-V.

### I.
### Wire Fraud Violations and Forfeiture Statutes
[Title 18 U.S.C. § 1343, subject to forfeiture pursuant to Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the criminal violations set forth in Counts One through Ten, the United States of America gives notice to the Defendant **PATRICIA ANN DOUCET** of its intent to seek the forfeiture of the property described below upon conviction pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states the following:

**Title 18 U.S.C. § 981.**
    **(a)(1)** The following property is subject to forfeiture to the United States:
\* \* \*
    **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Wire Fraud is an offense constituting "specified unlawful activity" as defined in section 1956(c)(7) of this title.

## II.
## Bank Fraud Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1344, subject to forfeiture pursuant to
Title 18 U.S.C. § 982(a)(2)(A)]**

As a result of the foregoing criminal violations set forth in Count Eleven, the United States of America gives notice to Defendant **PATRICIA ANN DOUCET** of its intent to seek the forfeiture of the property described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 982(a)(2)(A), which state the following:

**Title 18 U.S.C. § 982.   Criminal forfeiture**
* * *
> (a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
> * * *
> (A) section . . . 1344 . . . of this title,
> * * *
> shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

## III.
## Access Device Fraud Violations and Forfeiture Statutes
**[Title 18 U.S.C. § 1029 subject to forfeiture pursuant to
Title 18 U.S.C. §§ 1029(c)(1)(C) & (2) and 982(a)(2)(B)]**

As a result of the foregoing criminal violations set forth in Count Twelve, the United States of America gives notice to Defendant **PATRICIA ANN DOUCET** of its intent to seek the forfeiture of the property described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. §§ 1029(c)(1)(C) & (2) and 982(a)(2)(B), which state the following:

**Title 18 U.S.C. § 1029**
* * *
> (c) Penalties.—
> (1) Generally. — The punishment for an offense under subsection (a) of this section is—
> * * *
> (C) in either case, forfeiture to the United States of any personal property used or intended to be used to commit the offense.
> (2) Forfeiture proceedings.—The forfeiture of property under this section, including

11

any seizure and disposition of the property and any related administrative and judicial proceeding, shall be governed by section 413 of the Controlled Substances Act . . . .

**Title 18 U.S.C. § 982. Criminal forfeiture**

\* \* \*

**(a)(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—

\* \* \*

**(B)** section . . . 1029 . . . of this title,

shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

## IV.

## Money Judgment

A sum of money that represents the property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations, or property used or intended to be used to commit the violations set forth above, for which the Defendant is liable.

## V.

## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets pursuant to Title 21 U.S.C § 853(p) and Fed. R. Crim. P. 32.2(e)(1).



ASHLEY C. HOFF
UNITED STATES ATTORNEY

BY: _____
Matthew W. Kinskey
Assistant United States Attorney

_____ (for)
Joseph E. Blackwell
Assistant United States Attorney